# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVENSON CRANE SERVICE, INC., an Illinois corporation, and DONNA STEVENSON, | ) ) ) |
| | ) Case No.: 10-cv-03261 |
| Plaintiffs, | ) |
| | ) Judge Shadur |
| v. | ) |
| | ) Magistrate Judge Schenkier |
| CHRISTINE PITTS, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Defendant, Christine Pitts, by and through her attorneys, the Law Offices of Steven H. Mevorah & Associates, and in response to Plaintiffs' Complaint for Injunctive and Other Relief, states as follows:

## INTRODUCTION

1.    This is an action for injunctive relief and compensatory and punitive damages to remedy the unauthorized access, theft and destruction of financial and client files from Stevenson Crane's computer system by Defendant, Christine Pitts ("Pitts"), one of its former employees, under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. ("Computer Fraud Act"), and other violations of Illinois law.

A.  Defendant admits that this is an action for injunctive relief and compensatory and punitive damages, invokes the fifth amendment in regard to allegations of "unauthorized access, theft and destruction of financial and client files from

Stevenson Crane's computer system by Defendant," admits she is a former employee of Stevenson Crane, admits that the Plaintiffs are alleging a violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and Defendant lacks knowledge or information sufficient to form a belief as to what the Plaintiffs perceive to be "other violations of Illinois law."

2.      As more fully detailed herein, subsequent to her termination with Stevenson Crane, Pitts used passwords and security information she had learned of and had access to during the course of her employment and as a result of her fiduciary relationship with Stevenson Crane to remotely access Stevenson Crane's computer system, and copied, altered and/or deleted Stevenson Crane's proprietary financial and client information and Donna Stevenson's confidential information contained therein.

A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 2 in its entirety.

3.      This Complaint seeks to hold Pitts accountable for her violations of the Computer Fraud and Abuse Act, Illinois Trade Secrets Act, Breach of Fiduciary Duty, Misappropriation, Conversion and Damage to Property.

A. Denied as to each and every allegation in paragraph 3.

**PARTIES**

4.      Plaintiff, Stevenson Crane Service, Inc., is an Illinois corporation with its principal place of business located at 410 Stevenson Drive, Bolingbrook, Illinois in Will County, Illinois. Stevenson Crane also maintains a second facility located at 16675 Van Dam Road, South Holland, Illinois in Cook County, Illinois.

A. Admit as to each and every allegation in paragraph 4.

2

5.      Plaintiff, Donna Stevenson, is an individual of the age of majority residing at 807 Hitchcock Avenue, Lisle, Illinois in DuPage County, Illinois. Donna Stevenson is a citizen of the State of Illinois residing in the Northern District of Illinois. Donna Stevenson is the sole shareholder and director of Stevenson Crane. As a result of Donna Stevenson being a woman, Stevenson Crane is a certified Women Business Enterprise ("WBE") authorized to provide lifting equipment to various contractors and federal, state and local governmental agencies throughout the United States.

   A.  Defendant admits the allegations regarding Donna Stevenson's age, residence, citizenship, and that she is the sole shareholder and director of Stevenson Crane. Defendant lacks knowledge or information sufficient to form a belief as to whether Stevenson Crane is certified a "Women Business Enterprise" or if the alleged certification was the result of Donna Stevenson being a woman.

6.  Defendant, Christine Pitts, is an individual of the age of majority residing at 1520 Brittany Court, Darien, IL in DuPage County, Illinois. Pitts is a citizen of the State of Illinois residing in the Northern District of Illinois.

   A.  Admit as to each and every allegation in paragraph 6.

## JURISDICTION AND VENUE

7.      This Honorable Court has jurisdiction over this matter pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. §1030(g). This Honorable Court has jurisdiction over the facts and claims raising questions of federal law pursuant to 28 U.S.C. §1331. This Honorable Court has jurisdiction over the various Illinois statutory and common law claims arising out of the operative facts set forth in this Complaint pursuant to its supplemental jurisdiction under 28

U.S.C. §1367.

     A. The Defendant invokes her Fifth Amendment privilege to remain silent as to the allegations contained within paragraph 7.

8.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein occurred in the Northern District of Illinois and Defendant resides or is located within the Northern District of Illinois.

     A. The Defendant invokes her Fifth Amendment privilege to remain silent as to the allegations contained within paragraph 8.

## FACTUAL BACKGROUND AND ALLEGATIONS

9.     Stevenson Crane was established in 1989. Since its formation, Stevenson Crane has been and is solely owned and operated by Donna Stevenson. Stevenson Crane is in the business of offering contractors the use of lifting equipment such as hydraulic truck cranes, rough terrain cranes, all terrain cranes, carrydeck cranes, crawler cranes, tower cranes, portable cranes, under bridge access equipment, telehandlers, personnel hoists, aerial lifts and rolling platforms. Additionally, Stevenson Crane provides equipment services, certified operators and turnkey management for the lifting equipment. Stevenson Crane provides lifting equipment and services for construction, roadway, public works and other projects, impacting interstate commerce throughout the continental United States. Stevenson Crane receives and responds to requests for bids and proposals for various projects in states outside of Illinois and ships and delivers lifting equipment and provides qualified operators to contractors and governmental agencies outside of Il1inois.

     A. Admit as to each and every allegation in paragraph 9.

10.     Stevenson Crane maintains at its Bolingbrook Office a computer system consisting of a central server, remote access server, data file servers and individual work stations ("Computer System"). Stevenson Crane's Computer System is protected by a security system that requires a user to input a username and password to access program and data files.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 10.

11.     Individual employees of Stevenson Crane are assigned a username and password that are used to access the Computer System's files. Even with a password, Stevenson Crane's employees do not have unlimited access to the accounting, database or paperless office documents maintained within the Computer System. Passwords are assigned based on the duties and responsibilities assigned to the employee. While sales staff members have access to the customer contact files and work orders, they do not have access to the accounting software and data files.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11.

12.     Within the Computer System, Stevenson Crane installed, maintains and operates a Maxwell Systems Management Suite containing various accounting and management software programs and data files for the operation and management of its business. Maxwell Management is an integrated software package that assists companies in the construction industry, like Stevenson Crane, with a start to finish comprehensive customer data base, job order, accounting, accounts receivable, accounts payable, payroll and billing system. Maxwell Management was implemented to assist Stevenson Crane in creating a centralized customer database, preparing and tracking bids, proposals and quotations from their issuance to execution of contracts, work

and job orders, tracking the delivery and retrieval of leased lifting equipment, scheduling and placement of qualified operators, payroll, billing and accounts receivable and payable aging and tracking. In addition, Maxwell Management reduces and in some instances eliminates the need for users like Stevenson Crane from maintaining and retaining paper files.

        A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12.

13.     Maxwell Management allows Stevenson Crane's Computer System to handle and manage the names, addresses and contact information, as well as past order and pricing information for each of the key decision makers for each of its customers, a work order management system that retains and manages each work order for each customer and a sales staff regarding contacts and communications with each customer.

        A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13.

14.     Within the Computer System, Stevenson Crane maintains a paperless document management system. This system allows Stevenson Crane to scan into the Computer System, maintain and manage all documents related to its business into thereby eliminating the need for voluminous paper files. Since 1989, Stevenson Crane has caused documents related to its business operations to be scanned and stored in the Computer System, thereby creating a paperless office and either reducing or eliminating the need to maintain paper files. Once Stevenson Crane's documents were scanned and stored into the Computer System, the paper documents were shredded for security purposes.

        A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14.

15.     Within the Computer System, Donna Stevenson maintains, in a segregated and secure directory, her personal financial, medical and other confidential information. Within the Computer System, Donna Stevenson maintains her personal banking information, account statements, income tax returns, medical records, health insurance claims forms, personal financial statements, loan applications, credit reports and scores as well as other asset and liability information (hereinafter "Donna Stevenson's Confidential Information"). Donna Stevenson's Confidential Information is maintained in the Computer System to allow ready access to provide the information and documents to federal, state and local governments inside and outside of Illinois to maintain and verify her WBE certification, to obtain necessary financing for the purchase and lease of lifting equipment for Stevenson Crane and to obtain and provide the necessary insurance and bonding requirements for federal, state and local governments public works projects inside and outside of Illinois. Pursuant to federal regulation, Stevenson Crane's and Donna Stevenson's submission of financial and proprietary information to federal, state and local governmental agencies is treated as confidential and is not obtainable through Freedom of Information Requests or other requests. Donna Stevenson's submission of this information and documents has been thorough and directly impacts interstate commerce. Since 1989 Donna Stevenson has scanned and stored in the Computer System documents related to her ownership of Stevenson Crane and Donna Stevenson's Confidential Information into the Computer System. Once Donna Stevenson's Confidential Information was scanned into the Computer System, it was saved to a segregated and secure database that only Donna Stevenson and her assistant could access. After Donna Stevenson's Confidential Information was scanned and stored into the Computer System, the paper documents were shredded for security purposes.

A.  Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained within paragraph 15.

16.    As to Donna Stevenson's Confidential Information, access to these files is limited to Donna Stevenson and her personal assistant.

    A.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 16.

17.    The Computer System retains and maintains all accounting and database records and documents related to Stevenson Crane's operations and management since its inception in 1989.

    A.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 17.

18.    Stevenson Crane's Computer System contains valuable proprietary information, including customer lists, pricing information, profit margins, and financial reports such as balance sheets, income statements, accounts receivable, accounts payable, bank statements, and income tax returns.

    A.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 18.

19.    Stevenson Crane hired Pitts on or around June 6, 2007 *as* a Project Manager to handle various Information Technology matters related to Stevenson Crane's Computer System, including program development and data management related to Stevenson Crane's accounting, database and paperless office software and the installation and maintenance of Maxwell Management.

    A.    The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 19 in its entirety.

8

20.     In this position, Pitts was authorized to access the Computer System to perform programming and data file management for the sole purpose of improving Stevenson Crane's operation and management. At no time did Stevenson Crane or Donna Stevenson authorize Pitts to copy, alter, destroy or delete their accounting, database or paperless office program or data files for her personal or a third party use or benefit.

    A.  The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 20 in its entirety.

21.     As Stevenson Crane's Information Technology Project Manager, Pitts was one of two (2) employees having access to and maintaining the usernames and passwords for all of Stevenson Crane's employees. Given the importance of usernames and passwords and for security purposes, Stevenson Crane provided access to this confidential information only to two (2) trusted employees. Even Donna Stevenson, as the owner of Stevenson Crane, did not have access to each employee's username and password.

    A.  The Defendant invokes her Fifth Amendment privilege to remain silent as to the allegations contained within the first sentence of paragraph 21.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 21.

22.     Prior to joining Stevenson Crane, Pitts had extensive experience in the field of computers and information technology. Since 1985, Pitts worked in the information technology field developing and managing accounting, database and document management software for companies such as Blue Cross Blue Shield of Illinois, Prudential Insurance Company, Budget Rent-a-Car, Motorola, Nortel, Aon Insurance, British Aircraft & Armaments, GM Electromotive Diesel and Zurich Insurance.

**A. The Defendant admits that she has worked in the field of information technology and has worked for the above stated companies. The Defendant denies that she has ever developed software. While working for Blue Cross Blue Shield of Illinois and Prudential Insurance Company, the Defendant denies that those positions were information technology related and affirmatively states that they were accounting related. The Defendant admits that her positions in the other listed companies were related to project management and denies that she personally developed software for those companies.**

23.     On or around January 23, 2009, Pitts was terminated from her employment with Stevenson Crane. When Pitts was terminated, Stevenson Crane terminated her authorization and access to use Stevenson Crane's Computer System by disabling her username and changing Pitt's password for the Computer System. Stevenson Crane further changed the Computer System's Administrator password to prevent Pitts from accessing and/or changing program and network settings.

A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 23 in its entirety.

24.     At no time after January 23, 2009 did Stevenson Crane or Donna Stevenson authorize Pitts to access the Computer System for any reason or purpose whatsoever, including but not limited to the copying, alteration, destruction or deletion of its accounting and database data files, paperless office documents and Donna Stevenson's Confidential Information.

A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 24 in its entirety.

10

25.      In the months after Pitts left Stevenson Crane, Stevenson Crane began to experience various program and data glitches and interruptions. Stevenson Crane experienced crashes of its Computer System and noticed that data files saved on its Computer System would be wiped out. At first, Stevenson Crane believed that such program and data "glitches" and interruptions were related to Computer System maintenance and the installation of Maxwell Management.

   A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 25.

26.      On or around September 17, 2009, Stevenson Crane began to detect a series of intrusions or "hackings" of its Computer System. The Computer System was remotely accessed by someone using Donna Stevenson's username and password to access the proprietary information contained in the Computer System. Stevenson Crane's Computer System was again intruded upon or "hacked" on November 26, 2009, twice on January 24, 2010, and on February 10-11, 2010.

   A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 26.

27.      On February 10, 2010, Stevenson Crane's Computer System was intruded upon or "hacked" at approximately 11:49 p.m. Someone continually accessed the Computer System for a period in excess of five (5) hours until approximately February 11, 2010 at 6:04 a.m. ("February 2010 Intrusion").

   A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 27.

28.      During the February 2010 Intrusion, unauthorized access, downloading, and

copying of thousands of accounting, database and paperless office files containing Stevenson Crane's confidential financial and customer information occurred. After accessing, downloading and copying these files, the intruder deleted thousands of accounting, database and paperless office files, including backup versions from Stevenson Crane's Computer System.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 28.

29.    During the February 2010 Intrusion, data files containing Donna Stevenson's Confidential Information were accessed, downloaded and copied. After accessing, downloading and copying these files, the intruder then deleted these files, including backup versions from Stevenson Crane's Computer System.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 29.

30.    On each occasion when Stevenson Crane's Computer System was intruded upon or "hacked", neither Donna Stevenson nor the other Stevenson Crane employee with access to Donna Stevenson's username and password, used Donna Stevenson's username or password to access the Computer System.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 30.

31.    Since November 24, 2009, Stevenson Crane's accounting, database and paperless office files have been altered, damaged, and permanently deleted and Donna Stevenson's Confidential Information has been permanently deleted. Three (3) of the Computer Systems' network servers were damaged and removed from service, including the Remote Access Server, Maxwell Management Server and the Data File Storage Server. Stevenson Crane's information

technology staff has dedicated hundreds of working hours in an attempt to repair and recover damaged, altered and deleted data files. Stevenson Crane has retained and paid Maxwell Management and third party information technology consultants to investigate the intrusions and to attempt to repair and recover altered and deleted data files of Stevenson Crane and Donna Stevenson. Stevenson Crane has conducted a risk assessment of its Computer System as direct result of the "hackings" and intrusions. Donna Stevenson has been required to expend hours upon hours in retrieving confidential documents which were previously stored in the Computer System. Stevenson Crane and Donna Stevenson have sustained and continue to sustain damages in excess of $100,000 directly related to the intrusions, February 2010 Intrusion and in the loss of the data files.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 31.

32.    On or about May 13, 2010, Stevenson Crane first discovered that the September 16, 2009, November 26, 2009 and the January 24, 2010 Intrusions, and the February 2010 Intrusion were conducted from an internet protocol address maintained by Pitts.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 32.

33.    The internet protocol address, a unique identifying number that is assigned to every computer which accesses the internet ("IP Address") of the computer used to "hack" into and intruded upon Stevenson Crane's Computer System on each of the above referenced occasions was 24.7.214.127. That IP Address is assigned to a Comcast account in the name of David Pitts, Pitts' husband, at 1520 Brittany Court, Darien, Illinois.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained within paragraph 33. To the extent any further

answer is required, the Defendant invokes her Fifth Amendment right to remain

silent.

34. During the course of a risk assessment and investigation, Stevenson Crane and

Donna Stevenson learned that since Pitts' termination, Pitts has accessed Stevenson Crane's

Citrix Remote Access Server and Computer System using Donna Stevenson's User ID and

password from IP Address 24.7.214.127 at least twenty-five (25) times on the following dates:

| | | |
|---|---|---|
| 02/25/09 | 03/08/09 | 03/09/09 |
| 03/10/09 | 03/12/09 | 03/14/09 |
| 03/28/09 | 04/05109 | 04/15/09 |
| 04/25/09 | 04/30/09 | 05/01/09 |
| 05/05/09 | 05/10/09 | 05/13/09 |
| 05/20/09 | 05/24/09 | 06/12/09 |
| 06/19/09 | 06/21/09 | 06/22/09 |
| 06/28/09 | 07/08/09 | 07/16/09 |
| 07/23/09 | 08/04/09 | 08/15/09 |
| 09/17/09 | 01/24/10 | 02/11/10 |

Pitts' accessing of the Computer System on the above listed dates are hereinafter referred to

collectively as the "Unauthorized Intrusions."

A. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of what Plaintiffs learned. To the extent any further

answer is required, the Defendant invokes her Fifth Amendment right to remain

silent.

35. When Pitts gained unauthorized access to Stevenson Crane's Computer System,

including the Unauthorized Intrusions and the February 2010 Intrusion, Pitts accessed, copied,

altered and/or deleted proprietary information belonging to Stevenson Crane, including

14

Stevenson Crane's customer lists, pricing information, and accounts receivables and confidential information belonging to Donna Stevenson.

      A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 35.

36.     On information and belief, Pitts has supplied Stevenson Crane's proprietary and confidential information to Stevenson Crane's competitors.

      A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 36.

37.     On information and belief, Pitts has supplied Donna Stevenson's Confidential Information to Stevenson Crane's competitors and to other individuals and private and public entities.

      A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 37.

38.     Subsequent to Pitts' termination, Stevenson Crane lost several bids to supply lifting equipment and operators to contractors. In many instances, Stevenson Crane had already been awarded the bid or contract, but was later undercut by a nominal amount by one of its competitors. Stevenson Crane's competitors could not have known the amount of Stevenson Crane's bid unless the information had been shared without authorization.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 38.

39.     Stevenson Crane and Donna Stevenson have a protectable interest in the proprietary, financial and confidential information and documents and Donna Stevenson's

Confidential Information Pitts has copied and deleted from the Stevenson Crane Computer System.

      A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 39.

40.    Stevenson Crane and Donna Stevenson will experience immediate and irreparable harm if Pitts is not restrained from disseminating the proprietary, financial and confidential information and documents and Donna Stevenson's Confidential Information copied without authorization from Stevenson Crane's Computer System.  Stevenson Crane and Donna Stevenson have a recognized right to keep their proprietary, financial and confidential information and documents and Donna Stevenson's Confidential Information private and secure.

      A.  Denied as to any allegation that Stevenson Crane and Donna Stevenson will suffer any immediate or irreparable harm, and to the extent that any further allegation is made in the first sentence of paragraph 40, Defendant invokes her Fifth Amendment right to remain silent.  Defendant admits as to the second sentence of paragraph 40.

41.    Stevenson Crane and Donna Stevenson have no adequate remedy at law. Compensatory damages alone will not, and cannot, compensate Stevenson Crane and Donna Stevenson for the copying and deletion of proprietary, financial and confidential information and documents and Donna Stevenson's Confidential Information, the potential for the dissemination of such proprietary, financial and confidential information and documents or for the loss of business opportunities that they have suffered as a result of Pitts' actions.

      A.  Denied as to each and every allegation.

42.     There is a likelihood that Stevenson Crane and Donna Stevenson will prevail on the merits of this action.

A.   Denied as to each and every allegation.

43.     No injury would result to Pitts from an order requiring her not to disseminate Stevenson Crane's and Donna Stevenson's proprietary, financial and confidential data files and documents and Donna Stevenson's Confidential information and to immediately return such information and documents. Thus, should this Court grant injunctive relief to Stevenson Crane and Donna Stevenson, the burden on Pitts would be slight compared to the injury to Stevenson Crane and Donna Stevenson if it were not granted.

A.   The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 43.

## COUNT I
## VIOLATIONS OF THE COMPUTER FRAUD ACT

44.     Plaintiff repeats, realleges and reincorporates paragraphs 1 through 43 of this Complaint as paragraph 44 of Count I of this Complaint as if specifically set forth herein.

A.   The Defendant restates her answers to paragraphs 1 through 43 of this complaint.

45.     At all times relevant to the allegations of this Complaint, there was in full force and effect, the Computer Fraud Act. 18 U.S.C. §1030 et seq. As to the allegations of the Complaint, a violation of the Computer Fraud Act occurs, entitling a person to civil remedies, when an individual ...

(2) intentionally accesses a computer without authorization or exceeds authorized access and thereby obtains ...

(c) information from any protected computer

17

18 U.S.C. §1030(a)(2)(c)

or

(4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $ 5,000 in any 1-year period;

18 U.S.C. §1030(a)(4);

or

(5)     (A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

(B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

(C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

18 U.S.C. § 1030(a)

Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.

18 U.S.C. §1030(g)

A. Defendant admits that 18 U.S.C. §1030 et seq existed at the time of the complaint; to the extent further answer is required as to the allegations of the complaint, the Defendant invokes her Fifth Amendment right to remain silent.

46.     Stevenson Crane and Donna Stevenson are "persons" within the meaning of Section 1030(e)(12) of the Computer Fraud Act.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 46.

47.     Stevenson Crane's Computer System is a "computer" within the meaning of Section 1030(e)(l) of the Computer Fraud Act.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 47.

48.     Stevenson Crane's Computer System 1S a "protected computer" within the meaning of Section 1030(e)(2) of the Computer Fraud Act.

      A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 48.

49.     Pitts' "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, was intentional and unauthorized and Pitts accessed, downloaded, copied and deleted Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information in violation of Section 1030(a)(2)(c).

      A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 49.

50.     Pitts' "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, was unauthorized and knowingly done with the intent to defraud Stevenson Crane and Donna Stevenson of their confidential information to cause harm to Stevenson Crane and Donna Stevenson and/or through

the copying, alteration and deletion of said information and sell or provide such confidential information to Stevenson Crane's and Donna Stevenson's competitors, and other individuals, private and public entities in violation of Section 1030(a)(4).

    A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 50.

51.    Pitts' "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, was intentional and unauthorized in that Pitts caused the transmission of a program, code or command to alter and delete data files and as a result of such conduct, intentionally caused damage to Stevenson Crane's Computer System in violation of Section 1030(a)(5)(A) of the Computer Fraud Act.

    A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 51.

52.    Pitts' "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, was unauthorized and Pitts intentionally accessed Stevenson Crane's Computer System and as a result of her conduct reckless caused damage to Stevenson Crane's Computer System in violation of Section 1030(a)(5)(B) of the Computer Fraud Act.

    A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 52.

53.    Pitts' "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, was unauthorized and Pitts intentionally accessed Stevenson Crane's Computer System and as a result of her conduct of

copying, altering and deleting data files caused damage 10 Stevenson Crane's Computer System in violation of Section 1030(a)(5)(C) of the Computer Fraud Act.

    A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 53.

54.    Pitts knowingly accessed Stevenson Crane's Computer System without authorization, and as a result of such conduct, including the Unauthorized Intrusions and the February 2010 Intrusion, intentionally caused damage and loss, in the copying altering and deleting of data files within the meaning of Sections 1030(d)(8) and I030(d)(l2) of the Computer Fraud Act to Stevenson Crane and Donna Stevenson well in excess of$100,0000.

    A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 54.

55.    Stevenson Crane and Donna Stevenson, pursuant to Section l030(g) of the Computer Fraud Act, are entitled to maintain and action for injunctive relief. Stevenson Crane and Donna Stevenson do seek injunctive relief against Pitts for her violations of the Computer Fraud Act.

    A.  Defendant admits that 18 U.S.C. §1030 et seq existed at the time of the complaint; admits that §1030 allows for an action for injunctive relief, and admits that Plaintiffs in fact seek injunctive relief; to the extent further answer is required, the Defendant invokes her Fifth Amendment right to remain silent as to all other allegations within paragraph 55.

56.    The granting of injunctive relief would accomplish the goals of the Computer Fraud Act and protect the proprietary, financial and confidential information and documents of Stevenson Crane and Donna Stevenson.

    A.  Defendant denies each and every allegation contained within paragraph 56.

WHEREFORE, WHEREFORE, for the reasons stated herein, Defendant, Christine Pitts,

respectfully requests that this Honorable Court deny the Plaintiffs' petition.

## COUNT II
## VIOLATION OF THE ILLINOIS TRADE SECRETS ACT

57.     Plaintiff repeats, realleges and reincorporates paragraphs 1 through 43 of this Complaint as paragraph 57 of Count II of this Complaint as if specifically set forth herein.

A.  The Defendant restates her answers to paragraphs 1 through 43 of this complaint.


58.     At all times relevant to the allegations of this Complaint, there was in full force and effect, the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq. ("ITSA"), provides, in relevant part:

"Misappropriation" means:

(1) acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means; or

(2) disclosure or use of a trade secret of a person without express or implied consent by another person who:

(A) used improper means to acquire knowledge of the trade secret; or

(B) at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was:

(l) derived from or through a person who utilized improper means to acquire it;

(II) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(III) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use;

765 ILCS 1065/2(b)

(d) "Trade secret" means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:

(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765       ILCS 1065/2(d)(I)(2)

A. Defendant admits that 765 ILCS 1065/1 et seq. existed at the time of the complaint; to the extent further answer is required as to the allegations of the complaint, the Defendant invokes her Fifth Amendment right to remain silent.

59.    Stevenson Crane and Donna Stevenson are "persons" within the meaning of Section 2(c) of ITSA.

A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 59.

60.    Stevenson Crane's proprietary, financial and confidential business information and documents and Donna Stevenson's Confidential Information are "trade secrets" within the meaning of Section 2(d) of ITSA.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 60.

61.    Stevenson Crane's proprietary, financial and confidential business information and documents and Donna Stevenson's Confidential Information are not generally known to the lifting equipment industry or general public.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 61.

62.    Pitts' unauthorized "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, resulted in Pitts downloading and copying Stevenson Crane's proprietary, financial an confidential business information and documents Donna Stevenson's Confidential Information constituting a misappropriation of Stevenson Crane and Donna Stevenson's trade secrets within the meaning of Section 2(b) of ITSA.

    A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 62.

63.    Pitts' unauthorized "hacking" in and intrusions upon Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, to download and copy Stevenson Crane's proprietary, financial and confidential business information and documents Donna Stevenson's Confidential Information constitutes "improper means" within the meaning of Section 2(a) of ITSA.

    A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 63.

64.     Pitts has misappropriated, retained, and misused Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information for her own benefit and to the detriment of Stevenson Crane.

>    A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 64.

65.     Pitts knowingly engaged in the misappropriation, retention and misuse of Stevenson Crane's confidential business information, including but not limited to Stevenson Crane's customer lists, customer contacts and information, customer order history, pricing information, accounts receivables, accounts payable, :financial records, accounts, tax returns, asset and liability information, credit reports and scores and financing applications and Donna Stevenson's Confidential Information.

>    A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 65.

66.     Pitts, without Stevenson Crane's or Donna Stevenson's authorization, took Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information used in Stevenson Crane's business which was obtained over many years and at great expense, resulting in the loss and compromise of Stevenson Crane's unique opportunities to bid and win bids for private and public projects.

>    A.  The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 66.

67.     Pitts' conduct was willful and intentional, and was without authorization and has caused and is causing irreparable harm, as well as substantial monetary damages to Stevenson Crane and Donna Stevenson.

A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 67.

68.     Pitts' misappropriation of Stevenson Crane's proprietary, financial and confidential business information and documents Donna Stevenson's Confidential Information is in violation of the ITSA.

A. The Defendant invokes her Fifth Amendment right to remain silent as to each and every allegation contained within paragraph 68.

69.     Stevenson Crane and Donna Stevenson are entitled to the entry of an injunction to enjoin Pitts from using their trade secrets pursuant to Section 3(a) of ITSA.

A. The Defendant denies the Plaintiffs' allegations that they are entitled to an injunction against the Defendant. To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

70.     Stevenson Crane and Donna Stevenson are entitled to affirmative injunctive relief to compel Pitts to take steps and actions to protect their trade secrets pursuant to Section 3(c) of ITSA.

A. The Defendant denies the Plaintiffs' allegations that they are entitled to affirmative injunctive relief against the Defendant. To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

71.     The granting of injunctive relief would accomplish the goals of the ITSA, and protect the proprietary, financial and confidential business information of Stevenson Crane and Donna Stevenson's Confidential Information.

     A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 71.

72.    As Pitt's misappropriation of Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information was intentional, willful and malicious, Stevenson Crane and Donna Stevenson are entitled to and do seek an award of exemplary damages against Pitts pursuant to Section 4(b) of ITSA and an award of reasonable attorneys' fees pursuant to Section 5(iii) of ITSA.

     A. The Defendant denies the Plaintiffs' allegations that they are entitled to exemplary damages against the Defendant. To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

WHEREFORE, Defendant, Christine Pitts, respectfully requests that this Honorable Court deny the Plaintiffs' Petition.

## COUNT III
## BREACH OF FIDUCIARY DUTY

73.    Plaintiffs, Stevenson Crane and Donna Stevenson, repeat, reallege and reincorporate paragraphs 1 through 43 of this Complaint as paragraph 73 of Count III of this Complaint as if specifically set forth herein.

     A. I repeat my answers to paragraphs 1 through 43 of this Complaint as paragraph 73 of Count III of this Complaint as if specifically set forth herein.

74.    As an employee of Stevenson Crane and Donna Stevenson, Pitts owed Stevenson Crane and Donna Stevenson the fiduciary duties of loyalty, candor, good faith and fair dealing. As an employee who had access to confidential information belonging to Stevenson Crane and

Donna Stevenson, Pitts had a duty to act only in the interest of Stevenson Crane and Donna Stevenson. Everything an employee acquires from the employer by virtue of his or her employment belongs to the employer - whether acquired during or after employment. All information accessed by Pitts by virtue of her employment with Stevenson Crane belonged to Stevenson Crane and Donna Stevenson, whether acquired during or after her employment. Pitts had a duty to refrain from using Stevenson Crane's and Donna Stevenson's confidential information during and after termination, including the use of confidential information to aid a competitor of Stevenson Crane.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within the first sentence of paragraph 74. To the remaining allegations of paragraph 74, the Defendant invokes her Fifth Amendment right to remain silent.

75. While employed with Stevenson Crane, Pitts was entrusted to maintain Stevenson Crane's Computer System usernames and passwords for all employees, including the user name and password of Donna Stevenson. By virtue of Pitts' position of trust, Pitts became aware of where Stevenson Crane stored and maintained their proprietary, financial and confidential business information and Donna Stevenson's Confidential Information within the Computer System.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 75 in its entirety.

76. Upon her termination from Stevenson Crane, Pitts had a duty not to use Stevenson Crane's usernames and passwords to gain access to Stevenson Crane's Computer System to

access, copy, alter or delete Stevenson Crane's proprietary, financial and confidential business information and/or Donna Stevenson's Confidential Information.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 76 in its entirety.

77.    Pitts' use of Donna Stevenson's username and password to gain unauthorized access to Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, to copy, alter, and delete Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information was a breach of her fiduciary duties.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 77 in its entirety.

78.    As a direct and proximate result of Pitts' breach of her fiduciary duties, Stevenson Crane and Donna Stevenson were damaged in an amount in excess of $100,000.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 78 in its entirety.

79.    As a direct and proximate result of Pitts' breach of her fiduciary duties, Stevenson Crane and Donna Stevenson are further damaged in that Pitts has copies of Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information in which they have a protectable interest in.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 79 in its entirety.

80.     Stevenson Crane's and Donna Stevenson's right to possess, control and secure their confidential information entitles them to the entry of injunctive relief against Pitts to protect said confidential information from copying and dissemination.

    A. The Defendant denies the Plaintiffs' allegations that they are entitled to injunctive relief against the Defendant.  To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

81.     The granting of injunctive relief would accomplish the goals of the Illinois common law and the duties required of a fiduciary to a principal and protect the proprietary, financial and confidential business information of Stevenson Crane and Donna Stevenson's Confidential Information.

    A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 81.  To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

82.     Pitts' actions were intentional, willful, 'wanton, and committed in reckless disregard for the rights and interests of Stevenson Crane and Donna Stevenson, warranting the imposition of punitive damages, to include an element of an award of attorney's fees and expenses.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 82 in its entirety.

WHEREFORE, Defendant, Christine Pitts, respectfully request that this Honorable Court deny the Plaintiffs' Petition.


**COUNT IV**

## MISAPPROPRIATION

83.     Plaintiffs repeat, reallege and reincorporate paragraphs 1 through 43 of this Complaint as paragraph 83 of Count IV of this Complaint as if specifically set forth herein.

   A. I repeat my answers to paragraphs 1 through 43 of this Complaint as paragraph 83 of Count IV of this Complaint as if specifically set forth herein.

84.     Pitts, by engaging in the conduct described herein, has misappropriated, retained and misused Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information for her own benefit and to the detriment of Stevenson Crane and Donna Stevenson.

   A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 84 in its entirety.

85.     Pitts knowingly engaged, sponsored, aided and abetted the theft of Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information.

   A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 85 in its entirety.

86.     Pitts' conduct was intentional, willful and unauthorized, and has caused and is causing irreparable harm, as well as substantial monetary damages to Stevenson Crane and Donna Stevenson.

   A. The Defendant denies the Plaintiffs' allegations that they have sustained and irreparable harm andor monetary damages. To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

87.    By her repeated intrusions, including the Unauthorized Intrusions and the February 2010 Intrusion, and continuing conduct, Pitts has demonstrated her willingness to continue to engage in unlawful acts. The injury to Stevenson Crane and Donna Stevenson is immediate and irreparable entitling them to injunctive relief.

    A. The Defendant denies the Plaintiffs' allegations that they have sustained and immediate and irreparable harm.  To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

88.    Pitts' actions were intentional, willful, wanton, and committed in reckless disregard for the rights and interests of Stevenson Crane and Donna Stevenson, warranting the imposition of punitive damages, to include an element of an award of attorney's fees and expenses.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 88 in its entirety.

WHEREFORE, for the reasons stated herein, Defendant, Christine Pitts,

respectfully requests that this Honorable Court deny the Plaintiffs' Petition..


## COUNT V
## CONVERSION

89.    Plaintiffs repeat, reallege and reincorporate paragraphs 1 through 43 of this Complaint as paragraph 89 of Count V of this Complaint as if specifically set forth herein.

    A. I repeat my answers to paragraphs 1 through 43 of this Complaint as paragraph 89 of Count V as if specifically set forth herein.

90.     Pitts' conduct as alleged herein has resulted in the unlawful and wrongful assumption of control over Plaintiffs' property, namely Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information.

>   A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 90 in its entirety.

91.     Plaintiffs' have the right to recover possession of Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information.

>   A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 91.

92.     Pitts has failed or refused to return Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information.

>   A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 92 in its entirety.

93.     Demand upon Pitts to return Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information is futile in that Pitts engaged in intentional conduct without authorization in violation of the criminal law of the United States (18 U.S.C. §1030) and the State of Illinois (720 ILCS 5/16D-3).

>   A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 93 in its entirety.

94.     By her continuing conduct, Pitts has demonstrated her willingness to continue to engage in unlawful conduct. The injury to Plaintiffs is immediate and irreparable.

>   A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 94 in its entirety.

WHEREFORE, Defendant, Chrsitine Pitts, respectfully request that this Honorable Court deny the Plaintiffs' petition.

## COUNT VI
## DAMAGE TO PROPERTY

95.    Plaintiffs repeat, reallege and reincorporate paragraphs 1 through 43 of this Complaint as paragraph 95 of Count VI of this Complaint as if specifically set forth herein.

A. The Defendant restates her answers to paragraphs 1 through 43 of this complaint as paragraph 89 of Count V as if specifically set forth herein.

96.    During and after her employment with Stevenson Crane, Pitts had a duty to refrain from causing damage to Stevenson Crane's and Donna Stevenson's property, including but not limited to the Computer System, Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information.

A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 96.

97.    In total disregard to this duty, Pitts without authorization, intentionally and willfully accessed the Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, and caused damage to Stevenson Crane's servers and the alteration and deletion of Stevenson Crane's proprietary, financial and confidential business information and Donna Stevenson's Confidential Information.

A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 97 in its entirety.

98.    Pitts' unauthorized access to Stevenson Crane's Computer System, including the Unauthorized Intrusions and the February 2010 Intrusion, was intentional and willful and

proximately caused damage to Stevenson Crane's proprietary information, Computer System, network servers, and data files, and Donna Stevenson's Confidential Information.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 98 in its entirety.

99.    As a direct and proximate result of Pitts' actions and conduct, Stevenson Crane and Donna Stevenson have been damaged and continue to sustain damages in excess of $100,000.

    A. The Defendant denies the Plaintiffs' allegations that they have sustained and continue to sustain damages.  To the extent any further answer is required, the Defendant invokes her Fifth Amendment right to remain silent.

100.    Pitts' actions were intentional, willful, wanton, and committed in reckless disregard for the rights and interests of Stevenson Crane and Donna Stevenson, warranting the imposition of punitive damages, to include an element of an award of attorney's fees and expenses.

    A. The Defendant invokes her Fifth Amendment privilege to remain silent as to paragraph 100 in its entirety.

WHEREFORE, for the reasons stated herein, Defendant, Christine Pitts, respectfully requests that this Honorable Court deny the Plaintiffs' petition.

Respectfully submitted,

**CHRISTINE PITTS**


By: /s/ Gregory M. Berg
               One of Defendant's Attorneys

Bradley C. Giglio (lead counsel)

Gregory M. Berg of

Law Offices of Steven H. Mevorah & Associates

900 East Roosevelt Road

Lombard, IL 60148

(630) 932-9100

ARDC #6272277

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

STEVENSON CRANE SERVICE, INC., an )
Illinois corporation, and DONNA )
STEVENSON, )
                                ) Case No.: 10-cv-03261
            Plaintiffs, )
                                ) Judge Shadur
          v. )
                                  ) Magistrate Judge Schenkier
CHRISTINE PITTS, )
                                  )
            Defendant. )

## DECLARATION

I, Christine Pitts, the Defendant in the above entitled action, verify and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the Complaint and Answers, know the contents thereof, and that the Answers are true on my own knowledge, except as to the matters that are stated on information and belief, and as to those matters, that I believe them to be true.

                                            _____

                                            Christine Pitts, Defendant

Bradley C. Giglio (lead counsel)
Gregory M. Berg of
Law Offices of Steven H. Mevorah & Associates
900 East Roosevelt Road
Lombard, IL 60148
(630) 932-9100
ARDC #6272277